IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**HENRY LEE SMITH**                                                                                   **PLAINTIFF**

**VERSUS**                                                     **CIVIL ACTION NO. 2:05cv071KS-JMR**

**MORRIS HILL, FIRST STATE BANK**
**and GAIL DERMAN**                                                      **DEFENDANTS**

MEMORANDUM OPINION

      This cause is before the Court, <u>sua sponte</u>, for consideration of dismissal. Plaintiff Henry Lee Smith filed this complaint pursuant to 42 U.S.C. § 1983. The plaintiff names Morris Hill, First State Bank and Gail Derman as the defendants.

      The allegations of the complaint are somewhat confusing. In sum, the plaintiff states that the defendants defrauded him out of his inheritance. The plaintiff seeks injunctive relief in the form of the house and land and any other property he should have inherited from his deceased mother. Apparently, First State Bank is the financial institution in which the plaintiff's mother's assets were held, and defendant Gail Derman is a former employee of First State Bank. According to plaintiff, defendant Morris Hill tricked him into signing a deed for his mother's property.

      The Court notes that the plaintiff has raised these allegations against some of the same party defendants in previous lawsuits. On September 2, 1998, this Court entered a Memorandum Opinion and Final Judgment dismissing the case against Gail Derman with prejudice. In addition, on January 20, 2005, the plaintiff filed a civil action in this Court against First State Bank and Gail Derman in cause number 2:05cv25KS-JMR.

The plaintiff filed this cause on March 16, 2005, against defendants First State Bank, Gail Derman, and Morris Hill. The Court entered an order in this cause directing the plaintiff to state how the allegations against defendants First State Bank and Gail Derman are different in civil actions 2:05cv25KS-JMR and 2:05cv71KS-JMR. The plaintiff filed a response asserting that the claims are different, although he failed to clearly state how they are different. Upon the Court's review of the allegations in the complaints, the Court finds them to be duplicative.

Analysis

On April 26, 1996, the Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321, was signed into law. One of the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. Section 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).

"Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id.  For the reasons stated below, the Court finds that the plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named defendants.

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988);  Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988).  The Court in West concluded that, in order to act under color of state law, the defendant in an § 1983 action must have exercised power which the defendant possessed by virtue of state law, and the exercise of that power must be made possible only because the wrongdoer is clothed with authority of state law.  487 U.S. at 49 (citing United States v. Classic, 313 U.S. 299, 326 (1941)).

In the instant complaint, there are no allegations to establish that the defendants were state actors.  Insofar as the Court can ascertain, defendant First State Bank is a private entity and not a state actor as required by § 1983.  Likewise, the pleadings indicate that defendant Gail Derman is a private citizen formerly employed at the First State Bank, and that defendant Morris Hill is a private citizen.  Hence, any deprivation plaintiff allegedly suffered under those defendants was not "under color of state law."

Furthermore, the Court finds that "[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." Pittman v. K. Moore, 980 F.2d 994, 995 (5th Cir. 1993).  Plaintiff Smith's allegations in this complaint are duplicative of the claim he has pending in civil action number 2:05cv25KS-JMR against

defendants First State Bank and Gail Derman, as well as the claim he filed in civil action number 2:98cv217CWP against Gail Derman, which was dismissed with prejudice. The plaintiff is entitled to "one bite at the litigation apple--but no more". Id. at 995.

## Conclusion

Accordingly, this Court concludes that the instant action filed by the plaintiff against the named defendants fails to state a claim in law or fact and shall be dismissed pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii), with prejudice. In addition, to the extent the plaintiff is asserting duplicative allegations against defendants First State Bank and Gail Derman, his claims shall be dismissed as malicious pursuant to 28 U.S.C. Section 1915(e)(2)(B)(i), with prejudice.

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "Strike"[1]. If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion will be entered.

This the  18th  day of July, 2005.

                                      s/ *Keith Starrett*
                                UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."